## COMMONWEALTH *vs.* RAMON LUIS VIZCARRONDO.

Hampden. April 4, 2000. - May 5, 2000.

Present: MARSHALL, C.J., ABRAMS, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Evidence,* Photograph, Relevancy and materiality. *Practice, Criminal,* Opening statement, Argument by prosecutor, Capital case. *Homicide.*

The judge at a murder trial did not abuse his discretion in admitting in evidence one color and seven black and white photographs of the victim, a ten month old child, which were relevant to contested issues, depicted different injuries, and were not excessive in number. [361-363]

At a murder trial, the prosecutor's references to the ten month old victim's age and size, to which the defendant's counsel did not object, were fair comment on the evidence and reasonable inferences to be drawn therefrom. [363]

INDICTMENT found and returned in the Superior Court Department on December 16, 1993.

The case was tried before *Daniel A. Ford,* J.

*James A. Couture* for the defendant.

*Elizabeth Dunphy Farris,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. A jury in the Superior Court convicted the defendant of murder in the first degree by reason of extreme atrocity or cruelty.[1] Represented by new counsel on appeal, he argues that a new trial should be ordered because (1) the judge erroneously allowed the prosecution to introduce in evidence photographs of the ten month old victim; and (2) the prosecutor's opening statement and final argument contained improper and prejudicial comments. We conclude that both points lack merit. We also conclude that there is no basis under G. L. c. 278, § 33E, to grant the defendant relief. Accordingly, we affirm the conviction.

---

[1]This was the defendant's second trial on the murder charge. In *Commonwealth* v. *Vizcarrondo,* 427 Mass. 392 (1998), we reversed his conviction of murder in the first degree because of an error in the jury instructions on the third prong of malice.

We need not describe the facts in great detail. The victim, Lisa Santiago, a ten month old baby, died in the early morning hours of December 7, 1993. At the time of her death, there was extensive bruising to her body. Several of the bruises were fresh. There were also human bite marks in several places on her body. She had multiple fresh rib fractures and a fresh spiral fracture of the left tibia. Her liver was lacerated and crushed, and she had suffered internal bleeding. The medical evidence established that the cause of death was multiple blunt force trauma that required four or more blows to the body. The medical evidence also indicated that the victim may have survived her injuries for as long as one hour. The injuries would have been extremely painful. Medical experts stated that the victim's injuries were not consistent with falling off a bed, falling to the ground with an adult, being hit in the abdomen by an adult's elbow as the adult tripped, or being dropped from an adult's arms.

The defendant was with the victim when the fatal injuries were inflicted. He gave the police conflicting accounts of how she received her injuries. At first, he said that the victim was crying while her mother (who was living with the defendant) was taking a shower, that he had taken the victim out of the playpen and laid her on the bed, and that she had fallen off the bed. He later stated that he had squeezed and bitten the victim; that he had tripped while holding her, that they had fallen together to the floor, and that her stomach had struck the footboard of the bed during the fall. Finally, he claimed that the victim had fallen on the floor and that he had tripped and fallen on top of her.

The defendant testified in his own behalf. He claimed that he was under the influence of heroin and marijuana on the night of the incident. He conceded striking, shaking, and biting the victim, but he claimed that he could not remember how many times he struck her or other important details of the assault. The gist of his defense was that he had acted without malice in the legal sense.

1. The prosecution was permitted to introduce in evidence, over objection by the defendant's trial counsel, eight photographs of the victim's body taken at the hospital on the night she died. The photographs illustrate external bruises and bite marks suffered by the victim. Seven of the eight photographs are black and white. One photograph is in color. The defendant

argues that the judge erred in allowing the photographs to be admitted because they confirmed facts that were not in dispute and whatever probative value they possessed was clearly outweighed by the prejudice caused to his case. We reject the argument.

The law governing the admission of photographs of the type in issue here was recently explained in *Commonwealth* v. *De-Souza*, 428 Mass. 667, 670 (1999), as follows:

> "The question whether the inflammatory quality of a photograph outweighs its probative value and precludes its admission is determined in the sound discretion of the trial judge. See *Commonwealth* v. *Berry*, 420 Mass. 95, 108 (1995); *Commonwealth* v. *Ramos*, 406 Mass. 397, 407 (1990); *Commonwealth* v. *Repoza*, 382 Mass. 119, 129 (1980), *S.C.*, 400 Mass. 516, cert. denied, 484 U.S. 935 (1987); *Commonwealth* v. *Bys*, 370 Mass. 350, 361 (1976). The fact that a photograph is cumulative of other evidence has not required the exclusion of the photograph. See *Commonwealth* v. *Campbell*, 375 Mass. 308, 313 (1978); *Commonwealth* v. *Bys*, *supra* at 359-360. Even if a defendant agrees to stipulate to the facts that an offered photograph tends to prove, it is generally not error to admit it. *Commonwealth* v. *Nadworny*, 396 Mass. 342, 367 (1985), cert. denied, 477 U.S. 904 (1986). This court has almost never ruled that it was error to admit photographs of crime scenes and homicide victims. But see *Commonwealth* v. *Richmond*, 371 Mass. 563, 565 (1976) (error to admit photographs of victim's head partially eaten away by dogs). Cf. *Commonwealth* v. *Bastarache*, 382 Mass. 86, 106 (1980) (commenting on special limitation of admissibility of photograph where body has been altered in course of autopsy). A judge may appropriately attempt to mitigate the potentially prejudicial nature of a photograph by instructing the jury that the photograph is to be used in analyzing the evidence and is not designed to elicit sympathy. See *Commonwealth* v. *Lawrence*, 404 Mass. 378, 390 (1989); *Commonwealth* v. *Richenburg*, 401 Mass. 663, 673 (1988)."

The judge did not abuse his discretion in admitting the photographs. They were relevant to the contested issues of malice and whether the killing was committed with extreme

atrocity or cruelty. The photographs depicted different injuries suffered by the victim. The number of photographs shown to the jury was not excessive. Given the disturbing nature of the case, the photographs are not particularly gruesome. The judge also took appropriate precautionary steps to guard against the possibility that the jury might be improperly influenced by the photographs.[2]

2. The defendant asserts that several references made by the prosecutor in her opening statement and closing argument to the victim's age (ten months), weight (eighteen pounds), and height (twenty-six and one-half inches) constituted an improper plea to the sympathy of the jury.

The challenged remarks were not improper. In all but one instance,[3] the prosecutor referred to the victim's age and size to show that the victim, a baby, was especially frail and susceptible to serious injury at the hands of an adult. The prosecutor, therefore, could properly suggest that the beating and injuries inflicted by the defendant, when viewed in light of the victim's tender age and size, were life-threatening in an objective sense (which was relevant to the issue of the third prong of malice), and constituted extremely atrocious or cruel conduct (which was another contested issue at trial). Rather than exploiting the victim's age and size for their sympathetic value, the prosecutor was fairly commenting on the evidence and the reasonable inferences that the jury could draw therefrom. The absence of any objection by the defendant's trial counsel when the remarks were made is further indication that he did not consider them improper. See *Commonwealth* v. *Raymond*, 424 Mass. 382, 392 (1997); *Commonwealth* v. *Walker*, 421 Mass. 90, 104 (1995).

---

[2]At the time of empanelment, the judge informed each prospective juror during individual voir dire that he or she would be seeing the photographs, and he asked whether there was anything about such evidence that would make it impossible for him or her to be fair and impartial. When the photographs were introduced in evidence, the judge carefully reminded the jurors that they had assured him during jury selection that they could be impartial, and he called on them not to be swayed by emotion, but instead to decide the case based on reason and logic and to use the photographs to assist in the resolution of the issues.

[3]At the beginning of her closing argument, the prosecutor stated that the victim was "[n]ot an it. She was a person all eighteen pounds and twenty-six and a half inches." The prosecutor's remark was a permissible response to the references by the defendant's trial counsel in his closing argument to the victim as an "it." The prosecutor was entitled to humanize the victim after the unfair attempt by the defendant's trial counsel to depersonalize the victim.

3. We have considered the record and the defendant's arguments and conclude that the jury's verdict was appropriate and just and, as a consequence, there is no basis to grant him relief under G. L. c. 278, § 33E.

*Judgment affirmed.*